836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Glenn NATION, Defendant-Appellant.
 No. 87-5154.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter Glenn Nation appeals his jury conviction for selling a stolen truck in violation of 18 U.S.C. Sec. 2313.
 
 
 2
 On August 26, 1985, a Toyota pickup truck was allegedly stolen by Nation from the parking lot of a mall in Fayetteville, Arkansas. Sometime prior to November 1985, Nation allegedly sold the stolen truck to a man in Lebanon, Tennessee. The indictment, returned by the grand jury on September 10, 1986, charged him with possessing and selling a stolen motor vehicle "which had crossed the boundary between the state of Arkansas and Tennessee after being stolen." Following a jury trial, Nation was convicted, and he was subsequently sentenced to five years in prison.
 
 
 3
 On appeal, the sole argument advanced by Nation is that the indictment should have been dismissed by the district court because it does not allege that the motor vehicle involved was moving in interstate commerce at the time of Nation's alleged criminal activities. Nation maintains that present tense interstate transportation is a necessary element for a conviction under 18 U.S.C. Sec. 2313.
 
 
 4
 This argument is without merit. Effective October 25, 1984, 18 U.S.C. Sec. 2313 was amended by section 203(2) of the Motor Vehicle Theft Law Enforcement Act of 1984, Pub.L. No. 98-547, 98 Stat. 2754. Section 203(2) substituted in section 2313 the language "which has crossed a State or United States boundary after being stolen" for the language "moving as, or which is a part of, or which constitutes interstate or foreign commerce." The purpose of this amendment was to remove the need to charge and prove a continuing commerce nexus after the stolen vehicle had been taken across a state or international boundary. The amendment insures "that Federal jurisdiction will attach and remain with a stolen motor vehicle once it has crossed a State or United States boundary after being stolen." 130 Cong.Rec. S7680 (May 26, 1983) (statement of Sen. Percy). Therefore, because this amendment became effective prior to the alleged criminal acts, the district court properly denied Nation's motion to dismiss.
 
 
 5
 Accordingly, the conviction is affirmed.